UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD BURNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV283 CEJ |
| | ) | |
| JEFFREY DIXON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Ronald Burns (registration no. 69193), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $14.40. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's

**account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.**

**Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $72.00, and an average monthly balance of $14.50. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $14.40, which is 20 percent of plaintiff's average monthly deposit.**

## 28 U.S.C. § 1915(e)

**Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is**

plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against several officers of the St. Louis Metropolitan Police Department. Named as defendants are Jeffrey Dixon, Abraham Reddick, Michael Hodge, Karl Ciottschalk, Richard Buehler, Kevin Ahlbrand, Unknown Ray, Unknown Steurer, John Ruzicka, Carl Dulay, Lance Isbell, Mark Johnson, Anthony Martin, Chris Pappas, John Despain, Michael Doran, Robert Orton, Joseph Shipp, Justin Johnson, Vernon Taylor, Jermaine Jackson, Adam Koeln, Unknown Murphy, Unknown Griffin, Paul Kosednar, Douglas Eatherton, Joseph Dobbs, Michael Krupp, Diane Priest-Dailey, Kenneth Lammert, Antonio Abel, Leo Liston, Jason Sapienza, and Kevin McCandless. The complaint seeks monetary relief.

Plaintiff claims that from January 2008 through April 2008 he was harassed by several 3rd District police officers. Plaintiff alleges that in January 2008 he was approached by defendant McCandless, who told plaintiff that he

fit the description of a robbery suspect. Plaintiff claims that he told McCandless he had outstanding warrants, but McCandless told him not to worry about them and that some detectives wanted to talk to him. Plaintiff claims that he talked to the detectives and was released after giving them a DNA sample.

Plaintiff says that on March 3, 2008, several unnamed detectives arrested him and charged him with four counts of robbery.

Plaintiff alleges that the day after he made bond he was arrested again and charged with robbery.

Plaintiff claims that on April 15, 2008, defendants Abel, Liston, Orton, Sapienza, Shipp, Justin Johnson, and Dulay arrested him at his home without a warrant.

## Discussion

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Jeffrey Dixon, Abraham Reddick, Michael Hodge, Karl Ciottschalk, Richard Buehler,

**Kevin Ahlbrand, Unknown Ray, Unknown Steurer, John Ruzicka, Lance Isbell, Mark Johnson, Anthony Martin, Chris Pappas, John Despain, Michael Doran, Vernon Taylor, Jermaine Jackson, Adam Koeln, Unknown Murphy, Unknown Griffin, Paul Kosednar, Douglas Eatherton, Joseph Dobbs, Michael Krupp, Diane Priest-Dailey, or Kenneth Lammert were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants.**

**To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law," and (2) the action is a deprivation of a constitutional or federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Plaintiff's claims against Kevin McCandless fail to state a claim under § 1983 because they do not rise to the level of a constitutional violation.**

**The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71**

(1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

For these reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e).

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to proceed in forma pauperis [Doc. #2] is GRANTED.

IT IS FURTHER ORDERED that the plaintiff shall pay an initial filing fee of $14.40 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

IT IS FURTHER ORDERED that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is either

**legally frivolous or fails to state a claim upon which relief can be granted, or both.**

**Dated this 19th day of March, 2009.**

**UNITED STATES DISTRICT JUDGE**